IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COBY RECHT,
                Plaintiff,

v.                                                                          OPINION and ORDER

METRO GOLDWYN MAYER STUDIO, INC.,                      08-cv-250-slc
   itself or on behalf of one of its subsidiaries,

                Defendant.

---

Plaintiff Coby Recht has filed this civil action for monetary relief under the United States Copyright Act, 17 U.S.C. §§101, 106, 501-505. Plaintiff contends that defendant Metro Goldwyn Mayer Studio, Inc. is infringing his copyrighted songs by reproducing, adapting, and distributing a 1980s rock opera movie called "The Apple" that contains those works. Defendant has filed a motion to transfer venue to the Central District of California pursuant to 28 U.S.C. §1404(a). In addition, defendant has filed a motion to dismiss and plaintiff's former spouse, Iris Recht, has moved to intervene by filing her own complaint.

Defendants have met their burden of establishing clearly that the Central District of California is a more convenient forum than the Western District of Wisconsin. Accordingly, I will grant defendant's motion to transfer venue. I need not decide defendant's motion to dismiss or Iris Recht's motion to intervene. These motions are best decided by the transferee court. Moreover, Iris Recht's potential intervention has no impact on the question whether transfer is appropriate because intervenors have no standing to challenge venue.

In deciding whether the moving party has made the necessary showing, the court may rely on the parties' pleadings and may receive and weigh affidavits submitted by the parties. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989). Thus, I draw

my facts from plaintiff's complaint and declarations submitted by the parties regarding defendant's motion to transfer venue.

## ALLEGATIONS OF FACT

### A. The Parties

Plaintiff Coby Recht is an Israeli citizen residing in Tel Aviv. He is a composer, songwriter and singer who authored a musical called "The Apple" in 1977 and co-authored a film adaptation of the same name.

Defendant Metro Goldwyn Mayer Studio, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California, in the Central District of California. Defendant has no officers, facilities, or employees in Wisconsin. Defendant is an independent, privately-held production and distribution company that owns the world's largest library of modern films. Defendant is the successor in interest to the company that produced the movie "The Apple" in 1979.

### B. The Agreement

In or around 1977, plaintiff wrote a Hebrew manuscript and composed, performed and produced music with Hebrew lyrics for a musical stage play called "The Apple." In 1979, plaintiff met with Hollywood producer Menachem Golan, who proposed to transform the Hebrew musical into an English-language motion picture. Golan's production company, Golan-Globus Production, Ltd., had its attorney in Israel draft an agreement in which, defendant contends, plaintiff and his then-wife, Iris Recht, transferred their copyrights in "The Apple." Plaintiff contends that the agreement effected no such transfer.


Plaintiff subsequently prepared the score and soundtrack for the English-language version of "The Apple." Iris Recht prepared the lyrics. In 1979, the words and music of "The Apple" movie were registered with the United States Copyright Office. The film was released in 1980.

In 1980 and 1981, the producers of "The Apple" failed to pay plaintiff the final two installments of the advance described in the parties' agreement. In 1981, plaintiff sent a letter to Golan's California offices alleging copyright infringement. Golan did not respond. In 2004, defendant released "The Apple" on DVD. In December 2006, plaintiff sent a demand letter to defendant asserting plaintiff's copyright interest in the "The Apple." The parties' subsequent negotiations failed to resolve the issue.

Potential witnesses in this case include current and former employees of defendant and its predecessor in interest, Cannon Group, and third parties associated with the film's production. All of defendant's employee witnesses are located in the Central District of California. The parties dispute how many of the third party witnesses are located in California. Defendant contends that, based on a database search, all but one are located in the Central District of California. Plaintiff responds that he knows three of the witnesses actually live in Israel, that he is unaware where two others live, and he has simply never heard of the remaining witnesses.

OPINION

A. <u>Motion to Intervene by Iris Yotvat Recht</u>

On September 17, 2008. Iris Recht filed a document entitled "Complaint of Iris Yotvat Recht and Jury Demand," naming Iris Recht as an additional plaintiff and John Doe, Inc. as an additional defendant. Although the pleading largely mirrors plaintiff's complaint, it does not

appear to be an attempt to amend the complaint, as Ms. Recht's pleading is phrased so as to apply solely to her. Ms. Recht's pleading is better construed as an attempt to intervene in this action pursuant to Fed. R. Civ. P. 24.

Ms. Recht's attempt to intervene does not bear on the question at hand: whether transfer of venue is appropriate. Even if she were allowed to intervene, Ms. Recht would have no standing to question the venue in this case. 7A Wright and Miller, Federal Practice and Procedure § 1918 (2008) ("the intervenor cannot question venue"). A permissive intervenor enters the litigation subject to the venue that already exists. *Commonwealth Edison Co. v. Train*, 71 F.R.D. 391, 394 (N.D. Ill. 1976); *see generally* 3B Moore's Federal Practice § 24.22 (2008). Accordingly, I need not consider Ms. Recht's pleading before deciding defendant's motion to transfer venue.

B. Defendant's Motion to Transfer

1. Plaintiff's choice of forum

In a motion to transfer venue brought pursuant to 28 U.S.C. § 1404(a), the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. In weighing the motion, a court must decide whether the transfer serves the convenience of the parties and witnesses and promotes the interests of justice. 28 U.S.C. 1404(a); *Coffey*, 796 F.2d at 219-20; see also *Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience of parties and witnesses or interest of justice).

I do not agree with plaintiff that his choice of forum is entitled to deference. A plaintiff's choice of forum is generally given deference because of its convenience to him. This is particularly true when a plaintiff sues in his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). But the analysis is different when a foreign plaintiff brings suit. Plaintiff's choice is no longer a proxy for convenience; litigating in any forum in the United States will involve international travel and long distance communication for plaintiff. Accordingly, a foreign plaintiff's choice of forum is entitled to much less deference. *Id.*; *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997).

Plaintiff is an Israeli citizen and resides in Tel Aviv, Israel. Plaintiff has not pointed to facts suggesting that the Western District of Wisconsin is particularly convenient for him, such as having personal or professional connections in the area. Further, none of the material events in plaintiff's complaint occurred in the Western District of Wisconsin. Instead, plaintiff argues that international law entitles him to choose the Western District of Wisconsin as the forum for this litigation, citing the Berne Convention, the Trade Agreement on Trade Related Aspects of Intellectual Property Rights, and the U.S.-Israeli Agreement on Reciprocal Copyright Relations. However, the agreements that plaintiff cites guarantee only that a United States court will treat an international plaintiff's copyright claims the same way it treats copyright claims made by United States citizens. These agreements do not grant plaintiff an absolute entitlement to shop for a forum within the United States. Rather, just like a U.S. citizen litigating a copyright claim, plaintiff's lawsuit may be transferred to another forum under 28 U.S.C. 1404(a). Plaintiff has not shown that his choice of forum deserves more deference than that usually accorded to foreign plaintiffs.

2. <u>Convenience of parties</u>

Defendant argues that the convenience of the parties factor weighs heavily in favor of transfer because litigating this action in Wisconsin would be very inconvenient for it. Defendant contends that transfer to the Central District of California would be significantly more convenient for it and, at worst, just as convenient as this forum for plaintiff. Defendant maintains no office, facilities, or employees in Wisconsin; rather, its principal place of business is in Los Angeles, California. As a result, forcing it to litigate in Wisconsin would require the time and expense involved in cross-country travel and the transportation of documents. Plaintiff, by contrast, will have to travel to the United States from Israel to litigate in either forum.

Plaintiff responds that transfer to California would be more inconvenient for him because Los Angeles is a more expensive locale than Madison, Wisconsin, and because the Central District of California's rules are more cumbersome and may require that he retain local counsel that he cannot afford. In addition, plaintiff contends that, although defendant would incur time and expense if forced to litigate in Wisconsin, plaintiff could have chosen other fora that were even more inconvenient.

This case is distinct from those where parties are located in different states and no forum will avoid imposing inconvenience. <u>See</u>, <u>e.g.</u>, <u>In re National Presto</u>, 347 F.3d 662, 665 (7th Cir. 2003) ("when plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience"). Here, a transfer to the Central District of California would greatly reduce defendant's inconvenience while not greatly increasing plaintiff's inconvenience. Plaintiff has already committed to travel to the United States for this litigation and has not

6

alleged any familiarity with or connection to the Western District of Wisconsin. The inconveniences plaintiff claims he will suffer because of transfer, such as higher per diem costs, more burdensome and complicated court rules, and the possibility of having to retain local counsel are not persuasive when weighed against the substantial time and expense defendant would incur to litigate in Wisconsin.

3. <u>Convenience of witnesses</u>

Defendant argues that the convenience of the witnesses also weighs heavily in favor of transfer. According to defendant, litigation of plaintiff's claims will require witness testimony about the creation, production, distribution and DVD release of "The Apple" and the parties' rights in the film. Among these potential witnesses are current and former employees of defendant and its predecessor in interest, Cannon Group, and third parties associated with the film's production and exploitation.

All of defendant's current employees expected to testify in this case are located in the Central District of California. Defendant's affidavit contends that, based on a database search, all but one of the potential third party witnesses are located in Los Angeles County, California, in the Central District of California. In response, plaintiff contends that three of defendant's third party witnesses actually reside in Israel, not in California, that two witnesses may or may not live in California and that he simply does not know the other three cited witnesses.

Even taking plaintiff's unsupported contentions as true, the equities on convenience of witnesses still weigh in favor of defendant. Plaintiff has not disputed that most of defendant's potential witnesses are located in the Central District of California. Even if three of the

witnesses reside in Israel, this leaves multiple witnesses in the Central District of California and no witnesses in the Western District of Wisconsin. Significantly, plaintiff does not allege that any of defendant's proposed witnesses reside in or near the Western District of Wisconsin or that he plans to call any witnesses from the area.

4. Interest of justice

Finally, I consider whether transfer would be in the interests of justice. The interests of justice includes such concerns as ease of access to evidence, availability of compulsory process for witnesses, and insuring speedy trials. *Chicago, Rock Island & Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 303 (7th Cir. 1955); *Coffey*, 796 F. 2d at 221.

Defendant argues that the interests of justice also weigh in favor of transfer. It contends that almost all relevant documentary evidence is located in the Central District of California, that all but one of its potential third party witnesses are subject to compulsory process only in California, and that plaintiff could also receive a speedy trial in the Central District of California. Plaintiff does not contest defendant's first two points, other than to question why compulsory process should be necessary. As to defendant's third point, plaintiff contends that he would receive a speedier trial in the Western District of Wisconsin because California courts are more congested.

Although it is likely that, as plaintiff contends, transfer will prolong his case by several months, the equities weigh in favor of defendant. Defendant's interest is stronger in that almost all relevant documents are located in the Central District of California and almost all potential witnesses are subject to compulsory process there. Requiring the parties to transport documents

8

to Wisconsin and call witnesses not subject to compulsory process by this court would not further the interests of justice.

Because defendants have shown that litigating this matter in the Western District of Wisconsin would inconvenience the parties and witnesses and that transfer would serve the interests of justice, I conclude that a transfer of venue is justified under 28 U.S.C. § 1404(a). This court strongly prefers to hold onto cases filed here so as not to add to the workload of other judges who are just as busy or busier than those in this district. Indeed, the court of appeals has admonished this court for clinging too tightly to its criminal cases. *See Matter of Balsimo*, 68 F.3d 185 (7th Cir. 1995). That said, when the facts and the law clearly militate toward transfer, then we transfer. That is the situation in the instant case.

## ORDER

IT IS ORDERED that defendant Metro Goldwyn Mayer Studio, Inc.'s motion to transfer is GRANTED. The clerk of court is directed to transmit the file to the United States District Court for the Central District of California.

Entered this 29th day of September, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

9